UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, the CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS, <br><br>                              Petitioners, <br><br>          -against- <br><br> METRO INSTALLATIONS INC., <br><br>                              Respondent. | **ORDER** <br><br> 21 Civ. 4326 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of Metropolitan New York; and the New York City District Council of Carpenters (collectively, "Petitioners") filed a petition seeking to confirm an arbitration award that Petitioners obtained against Metro Installations Inc. pursuant to a collective bargaining agreement. Although the Petition was served on Metro Installations Inc. (Dkt. No. 9), it has neither opposed the Petition nor otherwise appeared in this action. For the reasons stated below, the arbitration award will be confirmed.

## BACKGROUND

Petitioner Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund are "employer and employee trustees of multiemployer labor-management trust funds." (Pet. (Dkt. No. 1) ¶ 4) Petitioner Trustees of New York City District Council of Carpenters Relief and Charity Fund are "[t]rustees of a charitable organization," and Petitioner Carpenter Contractor Alliance of Metropolitan New York is "a New York not-for-profit corporation." (Id. ¶¶ 5, 6) Petitioner New York City District Council of Carpenters is "a labor organization that represents employees in an industry affecting commerce . . . and is the certified bargaining representative for certain employees of the Respondent." (Id. ¶ 7) Respondent is "an employer." (Id. ¶ 8)

Petitioners and Respondent are parties to a collective bargaining agreement signed in 2011 and extended to cover the dispute at issue. (Id. ¶¶ 9-14) When Respondent became a member of the Association of Wall Ceiling & Carpentry Industries of New York, Inc. in September 2018, it "agreed to be bound to all of the agreements entered into between the [Association of Wall Ceiling & Carpentry Industries of New York, Inc.]" and Petitioners. (Id. ¶¶ 15-19)

These agreements "require Respondent to make contributions to the Funds for each hour worked for all employees within the trade and geographical jurisdiction" and "to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit." (Id. ¶¶ 20-21; Ex. A (Dkt. No 1-1) at 37; Ex. F (Dkt. No. 1-6) at 35-36)

These agreements also provide that "in the event 'any dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund[,] . . .

2

either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder." (Pet. (Dkt. No. 1) ¶ 25; Ex. A (Dkt. No. 1-1) at 45; Ex. F (Dkt. No. 1-6) at 41)

Petitioners "requested an audit of Respondent covering the period August 6, 2018 to date in order to determine whether Respondent had remitted the proper contributions to the Funds," but "Respondent failed to provide its books and records." (Pet. (Dkt. No. 1) ¶¶ 30-31) Petitioners' estimated audit "revealed that Respondent failed to remit contributions to the Funds in the principal amount of $254,002.98." (Id. ¶ 32)

Petitioners initiated an arbitration, and an award was issued on February 27, 2021. (Id. ¶¶ 33-34; Ex. I (Dkt. No. 1-9)) The arbitrator "found that Respondent violated the [collective bargaining agreements] when it failed to permit the Funds to audit Respondent's books and records and ordered Respondent to pay the Funds the sum of $330,509.34, consisting of: (i) the estimated principal deficiency of $254,002.98, (ii) interest thereon of $22,805.76, (iii) liquidated damages of $50,800.60, (iv) court costs of $400, (v) attorney's fees of $1,500, and (vi) arbitrator[']s fee of $1,000." (Id. ¶ 35) The arbitrator ruled "that interest at the rate of 5.25% will accrue on the [a]ward." (Pet. (Dkt. No. 1) ¶ 36; Ex. I (Dkt. No. 1-9) at 3)

On May 13, 2021, Petitioners filed the instant petition to confirm the arbitration award. (Pet. (Dkt. No. 1)) In addition to seeking confirmation of the Award, Petitioners seek interest from the date of the Award through the date of judgment, an award of attorneys' fees and costs for the instant action, and post-judgment interest. (Id.) As noted above, Respondents have not appeared in this action or responded to the Petition in any fashion. In a November 30, 2021 order, this Court stated that the Petition would be regarded "as an unopposed motion for summary judgment." (Dkt. No. 10) (citing D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006))

3

## DISCUSSION

### I.  APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference." Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." D.H. Blair, 462 F.3d at 109-110 (citation omitted). Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted)).

### II.  ANALYSIS

Here, Petitioners have demonstrated that there is no genuine issue of material fact that precludes confirmation of the award issued by the arbitrator. The arbitrator "mail[ed]

4

Notices of Hearings to Respondent by regular and certified mail." (Pet. (Dkt. No. 1) ¶ 33) The arbitrator found "upon substantial and credible evidence of the case as a whole" that the Respondent was in "violation of the [c]ollective [b]argaining [a]greement." (Ex. I (Dkt. No. 1-9) at 2)

The award granted by the arbitrator was within the powers granted to the arbitrator in the parties' collective bargaining agreement, which states "that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by submission and to fashion an appropriate remedy including, but not limited to, monetary damages." (Pet. (Dkt. No. 1) ¶ 26; Ex. A (Dkt. No. 1-1) at 45; Ex. F (Dkt. No. 1-6) at 42) The applicable agreements also authorize the arbitrator "to award such interest, liquidated damages, and/or costs as may be applicable under this Agreement and Declaration of Trust establishing such Fund(s)." (Id. ¶ 27; Ex. A (Dkt. No. 1-1) at 45; Ex. F (Dkt. No. 1-6) at 41; Ex. G (Dkt. No. 1-7) at 6) Under the agreements, the Funds are entitled to collect, "in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies." (Pet. (Dkt. No. 1) ¶ 28; Ex. A (Dkt. No. 1-1) at 44; Ex. F (Dkt. No. 1-6) at 41; Ex. G (Dkt. No. 1-7) at 6, 8)

"Courts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that the decision rests on factual errors or misinterprets the parties' agreements." N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). Here, of course, Metro Installations Inc. has made no such allegations.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).  Here, there is no evidence that the arbitration decision was made unlawfully, arbitrarily, or in excess of the arbitrator's powers.  Accordingly, this Court will grant Petitioners' unopposed petition to confirm the arbitration award.

### III.  AWARD OF ATTORNEYS' FEES AND COSTS

Petitioners request "reasonable attorney's fees and costs expended in this matter pursuant to the [collective bargaining agreements] and the [c]ollection [p]olicy." (Id. ¶ 40; Ex. A (Dkt. No. 1-1) at 44; Ex. F (Dkt. No. 1-6) at 41; Ex. G (Dkt. No. 1-7) at 8)  Petitioners have submitted time records that reflect $2,120 in legal fees for seven hours of work, as well as $75 in service expenses. (Pet. (Dkt. No. 1) ¶¶ 42-48)  "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5 (S.D.N.Y. May 12, 2008) (collecting cases). Petitioners' requested fees and costs in this action are reasonable, and reflect the rates Petitioners paid their counsel.  Accordingly, Petitioner's request for an award of attorney's fees and costs will be granted.

IV.     **POST-JUDGMENT INTEREST**

Petitioners' request for post-judgment interest at the statutory rate (Pet. (Dkt. No. 1) at 10) will also be granted. "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court." Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp., No. 19 Civ. 01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)). "[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'" Id. (quoting 28 U.S.C. § 1961(a)).

## CONCLUSION

For the reasons stated above, the arbitration award is confirmed in all respects; Petitioners are awarded $2,120 in attorneys' fees and $75 in costs; and post-judgment interest on the entire amount will accrue from the date of judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk of Court will enter judgment and close this case.

Dated:  New York, New York
        November 17, 2023

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge